FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 0 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHELTER MUTUAL INSURANCE CO.                                      PLAINTIFF

vs.                          NO. 4:07CV00022-WRW

LAURIE TODD, individually and as parent
and next friend of DANIELLE LINBOM,
a minor; JAMES TODD, an individual;
DANNY L. HAYES and BARBARA J.
HAYES                                                              DEFENDANTS

## ORDER

Pending is a Motion to Dismiss,[1] for lack of subject-matter jurisdiction filed by Separate Defendants Danny and Barbara Hayes (the "Hayes Defendants"). Plaintiff Shelter Insurance Company ("Shelter") has responded.[2]

The Hayes Defendants argue that Shelter failed to plead sufficient facts to establish that the amount in controversy exceeds $75,000.00, as required by 28 U.S.C. § 1332. Shelter maintains that there is sufficient evidence of its potential exposure to meet the statute's "amount in controversy" requirement. Separate Defendants Laurie and James Todd ("the Todds") admitted jurisdiction in their answer.[3]

---

[1]Doc. No. 10.

[2]Doc. No. 16.

[3]Doc. No. 13.

## I. Background

In this action, Shelter seeks a determination of its rights and obligations under an insurance policy it issued to the Hayes Defendants. This case arose after the Todds sued the Hayes Defendants[4] for a violation of the Fair Housing Amendments Act[5] in a separate lawsuit. The Todds seek compensatory and punitive damages in the underlying lawsuit. The Hayes Defendants contend that Shelter is obligated under the insurance contract to defend them in the underlying lawsuit and to pay any judgment obtained by the Todds in that suit.

## II. Authority

Federal courts have limited jurisdiction, and every federal court has a responsibility to consider its own jurisdiction and raise subject matter jurisdiction, even if the parties concede the issue.[6]

Once the amount in controversy is challenged, the party seeking to invoke federal subject matter jurisdiction has the burden of proving its existence by showing that it does not appear to a legal certainty that the claim for relief is less than the statutorily prescribed jurisdictional

---

[4]*Laurie Todd et al. v. Barbara Hayes et al.*, No. 4:06-CV-01507-GTE (E.D. Ark. filed October 12, 2006).

[5]42 U.S.C. §§ 3612(p), 3613(c)(2), and 3614(d)(2) (These three sections of the Fair Housing Act were amended in 1988 to allow attorney's fees to prevailing parties other than the United States.).

[6]*Thomas v. Basham*, 931 F.2d 521, 522-23 (8th Cir. 1991); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1004 (W.D. Ark. 1996).

amount.[7] Jurisdiction is measured by the amount properly pleaded at the time the suit is filed, not by the end result.[8]

In an action seeking injunctive or declaratory relief, the amount in controversy for jurisdictional purposes is measured by the value of the object of the litigation.[9] In other words, injunctive relief is tested by the value of the right a plaintiff seeks to gain.[10] So in order to determine the value of this right, damages, attorney's fees, and costs associated with the underlying cause of action must be examined.

The potential for an award of punitive damages may be added to the potential value of compensatory damages to establish diversity jurisdiction.[11] However, a claim for punitive damages is given closer scrutiny than a claim for actual damages.[12]

In an insurance contract claim, attorney's fees are calculated from two different sources. If an action is brought against an insurance company involving a contract that requires it to defend the insured, the potential attorney's fees are included in determining the amount in

---

[7] *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (district court must dismiss action if it appears to legal certainty that value of claim is less than $75,000); *Zunamon v. Brown*, 418 F.2d 883 (8th Cir. 1969).

[8] *Straf v. Colonial Factors Corp.*, 273 F.2d 554, 557 (8th Cir. 1960).

[9] *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citing *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333 (1977)).

[10] *Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246 (8th Cir. 1987).

[11] *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

[12] *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (internal quotations and citations omitted).

controversy.[13] If the underlying cause of action calls for an award of fees to the prevailing party, such potential fees also are counted toward the jurisdictional minimum.[14] In addition, under the Fair Housing Amendments Act, a plaintiff can recover damages for emotional distress,[15] out-of-pocket costs,[16] punitive damages,[17] and costs and attorney's fees.[18]

Furthermore, even if there is insufficient proof that the damages could exceed $75,000.00, diversity jurisdiction is available under the Declaratory Judgment Act,[19] without having to prove an amount in controversy.[20]

## III. Discussion

Shelter filed this declaratory action to avoid liability on a separate federal claim that is currently pending in this District.[21] The jurisdiction of Shelter's claim is examined by reference to this underlying federal claim.

---

[13]*Allstate Ins. Co. v. Dillard*, 190 F. Supp. 111 (D.C. Pa. 1960); See also *Criterion Ins. Co. v. Quillen*, 212 F. Supp. 924 (D.C. Md. 1963); *Boulet v. Millers Mut. Ins. Ass'n of Illinois*, 36 F.R.D. 99, 102 (D.C. Minn. 1964).

[14]*Crawford v. F. Hoffman-La-Roche, Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

[15]*U. S. v. Balistrieri*, 981 F.2d 916, 928 (7th Cir. 1992).

[16]*Steele v. Title Realty Co.*, 478 F.2d 380, 383-84 (10th Cir. 1973).

[17]42 U.S.C. § 3613(c)(1).

[18]42 U.S.C. § 3613(c)(2).

[19]28 U.S.C. § 2201.

[20]*Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 872 (8th Cir. 1966); *U.S. Fidelity & Guaranty Co. v. Millers Mutual Fire Ins.*, 396 F.2d 569 (8th Cir. 1968); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

[21]*Laurie Todd et al. v. Barbara Hayes et al.*, No. 4:06-CV-01507-GTE (E.D. Ark. filed October 12, 2006).

Shelter seeks to avoid liability and the obligation to defend the Hayes Defendants in a Fair Housing Amendments Act claim. If Shelter's rights are upheld, it will avoid paying an attorney to defend the Hayes Defendants, and will avoid paying damages, costs, and additional attorney's fees if the Hayes Defendants ultimately are found liable.

Thus, Shelter's potential exposure includes: (1) paying costs and attorney's fees to defense counsel and Plaintiff's counsel; (2) reimbursing of out-of-pocket expenses caused by the Hayes Defendants' discrimination; (3) compensating the Todds for emotional distress; and (4) paying punitive damages for the Hayes Defendants' willful misconduct. Payment of costs and attorney's fees alone could exceed $75,000.00.

Moreover, this case stems from a federally created right, over which the federal courts have original jurisdiction, and Shelter could bring its claim under the Declaratory Judgment Act. In fine, the resolution of Shelter's claim for relief is properly in this Court.

## IV. Conclusion

Plaintiff Shelter has carried its burden of proof and has shown that the value of its rights in this case exceeds the jurisdictional "amount in controversy."

Accordingly, Separate Defendants' Motion to Dismiss (Doc. No. 10) is DENIED.

IT IS SO ORDERED this 20th day of June 2007.

_____
UNITED STATES DISTRICT JUDGE